**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JEFFREY L. CHAPPLE, JR.,**

    **Plaintiff,**

                                            **Case No. 2:21-5086**
v.                                   **Chief Judge Algenon L. Marbley**
                                            **Magistrate Judge Elizabeth P. Deavers**

**FRANKLIN COUTY SHERIFF'S
OFFICERS FCCC 1 & 2,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

By Order dated January 23, 2023, the Court directed Plaintiff, within thirty days, to submit required service documents, including copies of the Complaint, if he intended for the United States Marshal to serve Defendants. (ECF No. 29.) Specifically, the Court stated:

> Additionally, the Court's docket reflects that the Office of the Clerk is not in possession of all necessary service documents. With respect to the claims that survived the screening, Plaintiff has submitted a summons and a USM-285 form for John Jones and Sgt. Howard (ECF No. 5) but has not provided service copies of the Complaint for these Defendants. Accordingly, Plaintiff is **ADVISED** that he must submit a copy of his Complaint for each of these Defendants if he intends for the United States Marshal to serve them. Additionally, these service copies must be identical to Plaintiff's Complaint as filed. (ECF No. 23). Any attempt by Plaintiff to submit anything other than copies of the Complaint as filed will be construed by the Court as a continued deficiency and service upon these Defendants will not be ordered.
>
> Further, Plaintiff has provided no service documents (a summons and a USM-285 form) or service copies of the Complaint for Defendants Curren, Sgt. Neal, Robinson, Bateman, Sgt. Neely, or Kirkpatrick. Accordingly, Plaintiff is **FURTHER ADVISED** that he must submit a completed summons, Marshal service form, and copy of his Complaint for each of these Defendants if he intends for the United States Marshal to serve them. Service copies of the Complaint for these Defendants also must comply with the above requirements in order for the Court to direct service.

> Plaintiff is **DIRECTED** to submit the appropriate service documents and copies of the Complaint as described above within **THIRTY DAYS** of the date of this Order. Plaintiff's failure to do so may result in the dismissal of this action under Fed. R. Civ. P. 4(m).

(ECF No. 29.)

In apparent response, Plaintiff submitted a letter on February 1, 2023, asserting that he already had provided these documents and suggesting that either "someone [was] playing with [his] outgoing mail" or the Court was "playing with [his] completed documents." (ECF No. 30.)[1] Plaintiff also indicated that he cannot proceed at this time without the assistance of counsel and included allegations of a recent assault by six inmates.

With respect to his need for counsel, Plaintiff indicated an intention to retain his own counsel. To the extent, however, that Plaintiff's letter could be construed as a request for court appointed counsel, any such request is **DENIED**. Although this Court has statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated whether such exceptional circumstances exist in this case and determines that the appointment of counsel is not warranted at this juncture.

Further, the Court will not consider the allegations of a recent assault as set forth in Plaintiff's letter. These are new allegations not in Plaintiff's currently operative Complaint. Moreover, they are not properly before the Court on a motion. *See, e.g., Guiffre v. Loc. Lodge No.*

---

[1] To be clear, in its earlier Order, the Court noted that Plaintiff had submitted service documents, but not copies of the Complaint, for Defendants Chaplain Chambers, Lt. Myers, and Captain Brammer. In that Order, however, the Court dismissed any claims directed to those Defendants and, therefore, did not direct the submission of copies of the Complaint for service upon them. (ECF No. 29)

2

*1124, United Steelworkers of Am.*, 940 F.2d 660 (Table), 1991 WL 135576, at *5 (6th Cir. 1991) (cannot rely on "wholly new allegations of wrongdoing" in a brief).

Finally, and most significantly, Plaintiff has not submitted the required service documents as directed by the Court. At most, Plaintiff has offered unfounded allegations of interference with his submission of service documents. Additionally, although Plaintiff has expressed an intention to retain counsel to assist him, he has not requested an extension of time in which to submit the required documents. Under these circumstances, it is therefore **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service of process.

## PROCEDURE ON OBJECTIONS TO THE REPORT AND RECOMMENDATION

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

3

**IT IS SO ORDERED.**

**DATED:  April 12, 2023**	*/s/ Elizabeth A. Preston Deavers*
	**ELIZABETH A. PRESTON DEAVERS**
	**UNITED STATES MAGISTRATE JUDGE**