IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEFFREY L. CHAPPLE, JR.,**

    **Plaintiff,**

v.

    Case No. 2:21-5086
    Chief Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**FRANKLIN COUTY SHERIFF'S
OFFICERS FCCC 1 & 2,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

By Order dated January 23, 2023, the Court directed Plaintiff, within thirty days, to submit required service documents, including copies of the Complaint, if he intended for the United States Marshal to serve Defendants. (ECF No. 29.) Specifically, the Court stated:

> Additionally, the Court's docket reflects that the Office of the Clerk is not in possession of all necessary service documents. With respect to the claims that survived the screening, Plaintiff has submitted a summons and a USM-285 form for John Jones and Sgt. Howard (ECF No. 5) but has not provided service copies of the Complaint for these Defendants. Accordingly, Plaintiff is **ADVISED** that he must submit a copy of his Complaint for each of these Defendants if he intends for the United States Marshal to serve them. Additionally, these service copies must be identical to Plaintiff's Complaint as filed. (ECF No. 23). Any attempt by Plaintiff to submit anything other than copies of the Complaint as filed will be construed by the Court as a continued deficiency and service upon these Defendants will not be ordered.

> Further, Plaintiff has provided no service documents (a summons and a USM-285 form) or service copies of the Complaint for Defendants Curren, Sgt. Neal, Robinson, Bateman, Sgt. Neely, or Kirkpatrick. Accordingly, Plaintiff is **FURTHER ADVISED** that he must submit a completed summons, Marshal service form, and copy of his Complaint for each of these Defendants if he intends for the United States Marshal to serve them. Service copies of the Complaint for these Defendants also must comply with the above requirements in order for the Court to direct service.

> Plaintiff is **DIRECTED** to submit the appropriate service documents and copies of the Complaint as described above within **THIRTY DAYS** of the date of this Order. Plaintiff's failure to do so may result in the dismissal of this action under Fed. R. Civ. P. 4(m).

(ECF No. 29.)

On April 12, 2023, following Plaintiff's failure to submit the service documents as directed, the Undersigned issued a Report and Recommendation recommending that Plaintiff's claims be dismissed without prejudice pursuant to Rule 4(m) for failure to timely effect service of process. (ECF No. 31.) In response, on April 28, 2023, Plaintiff filed a motion for extension of time requesting additional time to submit the documents as directed. (ECF No. 32.) Accordingly, on May 1, 2023, the Undersigned issued an Order granting Plaintiff's request for an extension, allowing him until June 1, 2023, to submit the above-described service documents, and withdrawing the Report and Recommendation, in part, to the extent that it recommended dismissal of Plaintiff's claims without prejudice. (ECF No. 33.) The Order cautioned Plaintiff as follows:

> **PLAINTIFF IS ADVISED THAT NO ADDITIONAL EXTENSIONS OF TIME WILL BE GRANTED. FURTHER, PLAINTIFF IS AGAIN REMINDED THAT ANY ATTEMPT TO SUBMIT ANYTHING OTHER THAN COPIES OF THE COMPLAINT AS FILED WILL BE CONSTRUED BY THE COURT AS A CONTINUED DEFICIENCY AND SERVICE UPON THESE DEFENDANTS WILL NOT BE ORDERED. PLAINTIFF'S FAILURE TO COMPLY WITH THIS ORDER <u>WILL</u> RESULT IN THE RECOMMENDATION THAT HIS CLAIMS BE DISMISSED FOR FAILURE TO TIMELY EFFECT SERVICE OF PROCESS.**

By letter dated May 17, 2023, Plaintiff requested summons and USMS service forms and the Court's docket reflects that those documents were mailed to Plaintiff on that same date. (ECF No. 34.) Plaintiff did not submit the required service documents by June 1, 2023. Nor has he done so to date.

2

By way of brief recap, Plaintiff initiated this case on October 20, 2021.  Following the screening of his original Complaint and various related filings and an opportunity to amend¹, Plaintiff has been aware of his obligation to submit the necessary service documents since at least January 23, 2023, and has failed to submit those documents in the nearly six intervening months.  (ECF No. 29.)  Moreover, most recently, the Court specifically alerted Plaintiff to the consequences of his continued failure to comply with this obligation.

To be clear, the obligation to provide these documents lies squarely with Plaintiff, despite his *pro se* status.  That is, *pro se* litigants such as Plaintiff are not excused from the requirements of the Federal Rules of Civil Procedure or the local rules of this Court.  *See, e.g.,* https://www.ohsd.uscourts.gov/pro-se-handbook.  ("You must file the original complaint with the Court and provide the Court with a copy for each Defendant you name.").  Moreover, it is well-settled that it is not the Court's responsibility to assist a *pro se* plaintiff's litigation efforts by making copies of the complaint necessary to initiate service.  *Harris v. Erdos*, No. 1:20-CV-120, 2021 WL 1839739, at *2 (S.D. Ohio May 7, 2021), *report and recommendation adopted,* No. 1:20-CV-120, 2021 WL 4225125 (S.D. Ohio Sept. 16, 2021) ("The Court is not required to fund plaintiff's litigation efforts and plaintiff has no constitutional right to free copies of documents.");  *see also Bell-Bey, v. Toombs*, No. 93-2405, 1994 WL 105900 (6th Cir. Mar. 28, 1994) ("the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services"); *Hawk v. Vidor*, No. 92-2349, 1993 WL 94007, *1 (6th Cir. Mar. 31, 1993) ("the right to have access to the courts is not interpreted as requiring unlimited access to photocopiers.").  Thus, in the absence of Plaintiff's submission of the required service documents, dismissal is appropriate.

---

¹ By Opinion and Order dated November 7, 2022, Plaintiff was granted the opportunity to file an amended complaint within 30 days of that date relating to certain identified claims.  (ECF No.  28.)  Plaintiff did not file an amended complaint and the Court issued another Opinion and Order dismissing those identified claims with prejudice.  (ECF No. 29.)

At bottom, Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the Defendants in this case have not been served with process within the time period set out in Rule 4(m) and Plaintiff has not demonstrated good cause for his failure to do so despite extended opportunity, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service of process.[2]

### PROCEDURE ON OBJECTIONS TO THE REPORT AND RECOMMENDATION

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's

---

[2] It also is well settled that district courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and are permitted "to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff." *Buchanan v. Lee*, No. 3:22-CV-543, 2023 WL 2465565, at *1 (M.D. Tenn. Mar. 10, 2023), *report and recommendation adopted,* No. 3:22-CV-00543, 2023 WL 2729162 (M.D. Tenn. Mar. 30, 2023). Thus, although dismissal under Rule 4(m) will be recommended here based on the Court's previous orders, Rule 41(b) may present an additional basis for dismissal.

report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**

**DATED:  July 18, 2023**　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
                                                            **ELIZABETH A. PRESTON DEAVERS**
                                                             **UNITED STATES MAGISTRATE JUDGE**